FILED
U.S. District Court
District of Kansas
02/25/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON D. GREGORY,

    **Plaintiff,**

v.                                          CASE NO. 26-3037-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    This matter is a pro se civil rights action. Plaintiff is incarcerated at ASPC Eyeman in Florance, Arizona. Plaintiff indicates that he is bringing this action under 42 U.S.C. § 1983. (Doc. 1, at 1.) He names as defendants the State of Kansas, the State of Arizona, the Social Security Administration, and the Department of Treasury. *Id*. at 1–2. He alleges mental health discrimination, false imprisonment, and an unfair trial. *Id*. at 3–5. Plaintiff seeks $500 million in damages. *Id*. at 6.[1] Plaintiff has also filed a Petition for Major Infrastructure Deal (Doc. 3) and a Petition for the State of Kansas to Grant Leave for Recreational Use of Marijuana (Doc. 4).

    The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Plaintiff has submitted an additional 167 pages with his Complaint. *See* Doc. 1–1. Plaintiff's arguments in the additional pages are hard to decipher.

[2] Prior to filing the instant Complaint, the Court finds at least 3 prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Gregory v. Manberg*, CV-17-00507-PHX-GMS (D. Ariz.) (dismissed for failure to state a claim Aug. 15, 2018); *Gregory v. Arizona Dep't of Corr.*, CV-20-02449-PHX-GMS (D. Ariz.) (dismissed as

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff has filed a Motion for Extension of Time to Pay Filing Fees (Doc. 2). Plaintiff claims that he has asked the IRS to "look into the future 7 years from now" to estimate the worth

---

duplicative Jan. 27, 2021); and *Gregory v. United States of America*, CV-22-00999-PHX-GMS (D. Ariz.) (dismissed for failure to state a claim June 27, 2022).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

of his cases. (Doc. 2, at 1.) Plaintiff seeks an extension of 30 to 60 days to allow him time to collect money from the Department of Treasury. *Id.* at 2.

The filing fee is due upon filing the complaint. Under 28 U.S.C. § 1914(a), "the plaintiff must ordinarily prepay the filing fee" unless he or she is granted leave to proceed in forma pauperis. *Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 805 (10th Cir. 2020) (unpublished); *see also* 28 U.S.C. § 1914(a) ("The clerk of each district court *shall* require the parties instituting any civil action . . . in such court . . . to pay a filing fee . . . ." (emphasis added)). Therefore, the filing fee is due when a case is filed, not at some later date when Plaintiff anticipates a payment from the Department of Treasury. This Memorandum and Order grants Plaintiff a short extension of time to pay the full filing fee. To the extent Plaintiff seeks an extension for 30 to 60 days, the request is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Pay Filing Fees (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 13, 2026,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated February 25, 2026, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
